# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):  **David L King**                              Case No: **17-61780**

This plan, dated  **February 14, 2018**  , is:

    ☑   the *second* Chapter 13 plan filed in this case.
    ☐   a modified Plan, which replaces the
        ☐confirmed or ☐unconfirmed Plan dated .

    Date and Time of <u>Modified Plan</u> Confirming Hearing:

    Place of <u>Modified Plan</u> Confirmation Hearing:

The Plan provisions modified by this filing are: **to provide for the POC #6 of Kelly Rentals, Inc. dba Aaron's to be paid per their proof of claim, to provide for Appomattox County Treasurer to be paid for property taxes for 991 Oakville Rd Appomattox, VA 24522, to provide for the POC #3 of Advance America, Cash Advance Centers of VA, Inc. to be paid per their proof of claim. This plan decreases the payout percentage for general unsecured creditors from 100% to 14%.**

Creditors affected by this modification are: **ALL**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

    Total Assets: **$425,524.00**
    Total Non-Priority Unsecured Debt: **$453,230.31**
    Total Priority Debt: **$273.19**
    Total Secured Debt: **$216,303.37**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$575.00 Monthly for 60 months**. Other payments to the Trustee are as follows:   **plus funds received as of February 14, 2018 in the amount of $2,310.00 and plus a lump sum payment due upon the sale of rental properties in the amount of $51,000.00**   . The total amount to be paid into the plan is $   **87,810.00**   .

2. **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A.   **Administrative Claims under 11 U.S.C. § 1326.**

        1.   The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
        2.   Debtor(s)' attorney will be paid $  **4,365.50**   balance due of the total fee of $   **4,365.50**   concurrently with or prior to the payments to remaining creditors. **Attorney fees of $4,000.00 plus title search fee of $365.50, none of which were paid directly by the debtor, are included in the above amount.**

    B.   **Claims under 11 U.S.C. §507.**
         The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **Appomattox County Treasurer** | **Taxes and certain other debts** | 273.19 | Prorata 1 months |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A.   **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

    B.   **Real or Personal Property to be Surrendered.**

    Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **Clayton C Bryant Co.** | **17087 Richmond Hwy Pamplin, VA 23958  Appomattox County bought for $65,000 10-27-15 \*\*\*- please see the additional language in paragraph 11F** | 65,000.00 | 28,000.00 |

C.  **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Aarons** | **Living room set, tv, washer, dryer,** | **80.00 for 9 months** | trustee |
| **Cash Advance** | **2006 Cadillac DTS 131,000 miles** | **15.00 for 9 months** | trustee |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D.  **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Aarons** | **Living room set, tv, washer, dryer,** | 4,470.70 | 0% | 89.41<br>50 months |
| **Appomattox County Treasurer** | **991 Oakville Rd Appomattox, VA 24522  Appomattox County bought in Jan 2016 for $120,000** | 556.07 | 4% | 12.09<br>50 months |
| **Cash Advance** | **2006 Cadillac DTS 131,000 miles** | 2,486.57 | 4.25% | 108.26<br>24 months |

E.  **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4.  **Unsecured Claims.**

A.  **Not separately classified.**  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims.  Estimated distribution is approximately __14__ %.  The dividend percentage may vary depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

B.  **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **-NONE-** | | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

**5.    Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

A.    **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Appomattox County Treasurer | 789 Double Bridges Rd Appomattox, VA 24522 Appomattox County bought 12-21-15 for $49,000.00 1985 single wide mobile home $5,000.00 | 0.00 | 0.00 | 0% | 0 months | |
| Appomattox County Treasurer | 3146 Redhouse Rd Appomattox, VA 24522 Appomattox County bought 9-18-15 for $65,000 | 0.00 | 0.00 | 0% | 0 months | |
| Charlotte County Treasurer | 6912 Thomas Jefferson Hwy Cullen, VA 23934 Charlotte County bought in 2015 for $50,000 | 0.00 | 0.00 | 0% | 0 months | |
| Clayton C Bryant Co. | 991 Oakville Rd Appomattox, VA 24522 Appomattox County bought in Jan 2016 for $120,000 | 803.00 | 803.00 | 0% | 1 months | Prorata |
| Clayton C Bryant Co. | 789 Double Bridges Rd Appomattox, VA 24522 Appomattox County bought 12-21-15 for $49,000.00 1985 single wide mobile home $5,000.00 | 365.00 | 0.00 | 0% | 0 months | |
| Clayton C Bryant Co. | 6912 Thomas Jefferson Hwy Cullen, VA 23934 Charlotte County bought in 2015 for $50,000 | 319.00 | 0.00 | 0% | 0 months | |
| Clayton C Bryant Co. | 1098 Pamplin Rd Pamplin, VA 23958 Prince Edward County bought 9-28-15 for $57,000 | 366.00 | 0.00 | 0% | 0 months | |
| J&R Auto Parts & Salvage | Judgement lien on property789 Double Bridges Rd Appomattox, VA 24522 to be paid upon the sale of the rental property | 0.00 | 0.00 | 0% | 0 months | |
| Prince Edward Co Treasurer | 1098 Pamplin Rd Pamplin, VA 23958 Prince Edward County bought 9-28-15 for $57,000 | 0.00 | 0.00 | 0% | 0 months | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                                                                                                                Best Case Bankruptcy

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **Snap On Crdt** | **business debt -- personally guaranteed business tools paid by the Debtors company** | **0.00** | **0.00** | **0%** | **0 months** | |

**B.    Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

**C.    Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| **-NONE-** | | | | |

**6.    Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

**A.    Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| **Charles D. Hall** | **Rental lease for 2005 Ford F150 (co-signed for son)  $15,000 which debtor rejects** |

**B.    Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **BLI Rentals, LLC** | **rental lease** | **$0.00** | **N/A** | **N/A** |

**7.    Liens Which Debtor(s) Seek to Avoid.**

**A.    The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| **-NONE-** | | | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

    **B.**    **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.**    **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.**    **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.**    **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11.**    **Other provisions of this plan:**

**(a). Additional Adequate Protection:**
**Adequate Protection also consists of the following in this case:**

_x__The Debtor's payment required by Paragraph 1 shall be made to the Trustee either by wage deduction, TFS or a direct pay order
_x__Insurance will be maintained on all vehicles securing claims to be paid by the Trustee.

**(b). Attorneys Fees**

**Attorneys Fees noted in Paragraph 2A shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs 4, 5, 6 herein.**

**(c). Date Debtors to resume regular direct payments to Creditors that are being paid arrearages by the trustee under Paragraphs 5(a) and 6(b).**

**Creditor**        **Month Debtor to resume regular direct payments**

**F. Other:**

**(1). #######ATTENTION ALL SECURED CREDITORS LISTED IN PARAGRAPH 5 #######:**
**PLEASE TAKE NOTICE THAT THE DEBTOR INTENDS TO CONTINUE TO MAKE REGULAR PAYMENTS ON YOUR SECURED DEBT. ACCORDINGLY, YOU, THE SECURED CREDITOR REFERENCED ABOVE IN PARAGRAPH 5, SHALL SEND MONTHLY MORTGAGE/AUTOMOBILE STATEMENTS CONSISTENT WITH YOUR PREPETITION PRACTICE. SENDING SUCH STATEMENTS SHALL NOT BE CONSIDERED BY THE DEBTORS TO BE A VIOLATION OF THE AUTOMATIC STAY.**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**(2) ************* ATTENTION, CREDITORS LISTED IN PARAGRAPH 3(B).***************
THE PROPERTY SECURED BY YOUR LOAN IS BEING SURRENDERED. A DEFICIENCY CLAIM MUST BE FILED WITHIN 180 DAYS OF CONFIRMATION OR THE ENTRY OF AN ORDER LIFTING THE STAY, WHICHEVER OCCURS FIRST. IF A DEFICIENCY CLAIM HAS NOT BEEN FILED WITHIN THIS TIME PERIOD, YOUR DEFICIENCY CLAIM WILL BE DISALLOWED. IF YOU FILE A DEFICIENCY CLAIM, YOU MUST ALSO PROVIDE PROOF THAT THE PROPERTY SURRENDERED WAS LIQUIDATED IN ACCORDANCE WITH STATE LAW.**

**Signatures:**

Dated:    February 14, 2018

/s/ David L King
**David L King**
**Debtor**

/s/ Stephen E. Dunn
**Stephen E. Dunn 26355**
**Debtor's Attorney**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                             Best Case Bankruptcy

| | | |
|---|---|---|
| A&A<br>4350 WESTOWN PKWY<br>WEST DES MOINES, IA 50266 | CHARLOTTE COUNTY TREASURER<br>P.O. BOX 267<br>CHARLOTTE COURT HOUSE, VA 23923 | ERC/ENHANCED RECOVERY COR<br>FOR TIME WARNER CABLE<br>8014 BAYBERRY RD<br>JACKSONVILLE, FL 32256 |
| AARONS<br>5515 FORT AVE<br>LYNCHBURG, VA 24502 | CHECK FIRST #205<br>3701 FORT AVE<br>LYNCHBURG, VA 24501 | FIFTH THIRD BANK<br>PO BOX 630900<br>CINCINNATI, OH 45263 |
| ADVANCE AUTO<br>5673 AIRPORT RD<br>ROANOKE, VA 24012 | CHRISTOPHER KING<br>991 OAKVILLE RD<br>APPOMATTOX, VA 24522 | FIRST PREMIER BANK<br>601 S MINNESOTA AVE<br>SIOUX FALLS, SD 57104 |
| AMERIMARK<br>PO BOX 2845<br>MONROE, WI 53566-8045 | CINTAS<br>704 INDUSTRIAL AVE<br>BEDFORD, VA 24523 | FOCUSED RECOVERY SOLUTION<br>9701-METROPOLITAN CT, SUITE B<br>FOR RADIOLOGY CONSULTANTS LY<br>RICHMOND, VA 23236 |
| APPOMATTOX COUNTY TREASURER<br>P.O. BOX 689<br>APPOMATTOX, VA 24522 | CLAYTON C BRYANT CO.<br>7431 RICHMOND HWY<br>PO BOX 702<br>APPOMATTOX, VA 24522 | FST PREMIER<br>601 S MINNEAPOLIS AVE<br>SIOUX FALLS, SD 57104 |
| BLI RENTALS, LLC<br>PO BOX 992<br>EMPORIA, KS 66801 | CREDITORS COLLECTION SERVICE/CCS<br>PO BOX 21504<br>FOR CMG NEUROLOGY CENTER<br>ROANOKE, VA 24018 | J&R AUTO PARTS & SALVAGE<br>789 HERMAN RD<br>SAXE, VA 23967 |
| CAPITAL ONE<br>ATTN: BANKRUPTCY<br>PO BOX 30253<br>SALT LAKE CITY, UT 84130 | CREDITORS COLLECTION SERVICE/CCS<br>PO BOX 21504<br>FOR SHENTEL<br>ROANOKE, VA 24018 | KENNETH WARD<br>15939 RICHMOND HWY<br>PAMPLIN, VA 23958 |
| CASH ADVANCE<br>ADVANCE AMERICA<br>2100 WARDS ROAD<br>LYNCHBURG, VA 24502 | CREDITORS COLLECTION SERVICE/CCS<br>PO BOX 21504<br>FOR CENTRA HEALTH<br>ROANOKE, VA 24018 | KENNTH WARD<br>C/O TOMMY LAWSON<br>P.O. BOX 757<br>APPOMATTOX, VA 24522 |
| CENTRA MEDICAL GROUP<br>ATTN: 5470C<br>PO BOX 14000<br>BELFAST, ME 04915 | CREDITORS COLLECTION SERVICE/CCS<br>PO BOX 21504<br>FOR CMG CENTRA<br>ROANOKE, VA 24018 | LVNV FUNDING<br>FOR CITIBANK/SEARS<br>PO BOX 10587<br>GREENVILLE, SC 29603 |
| CHARLES D. HALL<br>113 MUDDY GRAY PATCH LANE<br>APPOMATTOX, VA 24522 | DELTA RESPONSE TEAM<br>PO BOX 863<br>LEWISVILLE, NC 27023 | LVNV FUNDING<br>ARROW FINANCIAL<br>PO BOX 10587<br>GREENVILLE, SC 29603 |

MATCO TOOLS
4403 ALLEN ROAD
STOW, OH 44224

FOR SOLSTAS LAB PARTNERS
415 N EDGEWORTH ST STE 210
GREENSBORO, NC 27401

MIDLAND FUNDING
FOR CAPITAL ONE
PO BOX 939069
SAN DIEGO, CA 92193

TIMES VIRGINIAN
589 COURT STREET
APPOMATTOX, VA 24522

MIDLAND FUNDING
FOR WEBBANK
PO BOX 939069
SAN DIEGO, CA 92193

TOMMY LAWSON, ESQ.
FOR KENNETH WARD
569 COURT STREET
APPOMATTOX, VA 24522

NAPA AUTO PARTS
1720 N WESLEYAN BLVD.
ROCKY MOUNT, NC 27804

TRAVELER'S CL REMITTANCE CENTER
PO BOX 660317
DALLAS, TX 75266

NATIONAL PEN COMPANY
12121 SCRIPPS SUMMIT DR
SUITE 200
SAN DIEGO, CA 92131

UPTOWN RENTALS/BLI RENTALS
C/O PHILIP B. WILLETTE CO,
PO BOX 26042
COLUMBUS, OH 43226

NCB MANAGEMENT SERVICES INC.
PO BOX 1099
FOR PNC BANK
LANGHORNE, PA 19047

US CELLULAR
PO BOX 0203
PALATINE, IL 60055-0203

PRINCE EDWARD CO TREASURER
PO BOX 522
FARMVILLE, VA 23901

WELLS FARGO BANK
PO BOX 10438
MACF8235-02F
DES MOINES, IA 50306

RECEIVABLES PERFORMANCE MGMT
FOR CINCINNATI BELL
PO BOX 1548
LYNNWOOD, WA 98036

SNAP ON CRDT
ATTN: BANKRUPTCY
950 TECHNOLOGY WAY  SUITE 301
LIBERTYVILLE, IL 60048

SOUTHSIDE ELECTRIC COOPERATIVE, INC
PO BOX 7
CREWE, VA 23930-0007